# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3289 | **DATE** | 6/25/2004 |
| **CASE TITLE** | Lunn Partners Multiple Opportunities Portfolio, L.P. vs. Brakulis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Counterdefendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, counterdefendants' motion to dismiss Count II of defendant/counterplaintiff's complaint [23-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| ✗ | Notified counsel by telephone. | | JUN 8 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| RJT/tb | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 2004 JUN 25 PM 3: 11 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LUNN PARTNERS MULTIPLE )
OPPORTUNITIES PORTFOLIO, L.P., )
                              )            Case No. 03 C 3289
           Plaintiffs, )
                              )
       v. )            Judge Joan B. Gottschall
                              )
JOHN BRAKULIS, )
                              )
           Defendant. )
                              )
_____ )
                              )
JOHN BRAKULIS, )
                              )
           Defendant/Counterplaintiff, )
                              )
       v. )
                              )
LUNN PARTNERS MULTIPLE )
OPPORTUNITIES PORTFOLIO, L.P., )
                              )
           Plaintiff/Counterdefendant )
                              )
and )
                              )
ROBERT J. LUNN; VALLEY HYUNDAI, )
L.L.C, a Nevada limited liability company; )
VALLEY HYUNDAI REALTY, L.L.C, a )
Nevada limited liability company; and )
VALLEY AUTOGROUP, INC., a Nevada )
corporation, )
                              )
           Counterdefendants. )

## MEMORANDUM OPINION AND ORDER

Defendant/Counterplaintiff John Brakulis ("Brakulis") filed a counterclaim alleging multiple



breaches of contractual and monetary obligations by plaintiff/counterdefendants Lunn Partners Multiple Opportunities Portfolio, L.P. ("Lunn Partners"), Robert J. Lunn ("Lunn"), Valley Hyundai, LLC ("Valley Hyundai"), Valley Hyundai Realty LLC ("Valley Realty"), and Valley Autogroup, Inc. ("Autogroup"). Counterdefendants filed a motion to dismiss Count II of Brakulis' counterclaim, charging breach of the Employment Agreement. For the reasons stated below, the motion to dismiss Count II is denied.

## BACKGROUND

In summer 2000, Lunn decided to purchase 1) a car dealership in Henderson, Nevada and 2) the real estate on which the dealership is located. In or about June 2000, Lunn formed Valley Hyundai in order to purchase the dealership in Henderson. Five months later, in November 2000, Lunn formed Valley Realty to purchase the real estate upon which the dealership is situated. In order to become a licensed Hyundai dealer, Valley Hyundai had to be managed by an individual with "minimum business experience in the automotive industry." Lunn, as owner of Valley Hyundai, looked to Brakulis, who had previously operated and managed automobile dealerships in Chicago, Illinois, to fulfill this role.

In or about December 2000, Brakulis entered into an oral employment agreement ("the Employment Agreement") to act as general manager of Valley Hyundai. In an oral agreement, Lunn, acting on behalf of Valley Hyundai, and Brakulis settled the terms of Brakulis's employment. The employment contract enunciated the terms of compensation and severance. The severance portion of the agreement concluded that upon termination, Brakulis would receive a package that included "the return of his investment in the dealership and real estate where the dealership operated." In his counterclaim, Brakulis referred specifically to Valley Hyundai as the counterdefendant since the

original terms of the Employment Agreement were between Valley Hyundai and Brakulis.

On or about May 6, 2002, Lunn terminated Brakulis as general manager of Valley Hyundai. At the time of the termination, Lunn, acting for Valley Hyundai, and Brakulis agreed to specific monetary values for the severance benefits contemplated at the time the Employment Agreement was made. These terms included a one-year severance salary. On or about June 6, 2002, Valley Hyundai began paying Brakulis his severance salary in weekly installments of $2,500. However, Valley Hyundai made only 23 of 52 weekly installments to Brakulis, making its last payment on November 15, 2002, upon the sale of the dealership assets. Valley Hyundai has not resumed payment of these weekly installments. According to Brakulis, Valley Hyundai also has not repaid Brakulis's capital investment or his investment in the real estate where the dealership was operated. As yet unpaid severance pay and other monies Brakulis contends are owed to him by Valley Hyundai under the terms of the Employment Agreement total over $350,000.

## ANALYSIS

"A complaint or counterclaim is subject to dismissal under [Fed. R. Civ. P.] 12(b) (6) only if the nonmoving party can prove no set of facts consistent with its complaint or counterclaim that would entitle it to relief." *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) (citing *Warzon v. Drew*, 1995 WL 422847 (7th Cir. 1995)). To withstand a motion to dismiss, a complaint must assert facts that would provide a sufficient basis for the claim. *Gray v. Dane County*, 854 F2d 179, 182 (7th Cir. 1988). The court must accept all well-pleaded factual allegations in the counterclaim as true and must make all reasonable inferences in favor of the claimant. *Northern Trust*, 69 F.3d at 129 (7th Cir. 1995).

Valley Hyundai argues that the statute of frauds bars enforcement of the oral Employment

Agreement because the agreement was not actually performed within one year and should not be deemed to have been capable of performance within one year. Two established principles of contract law defeat Valley Hyundai's argument. First, at-will contracts are enforceable even if they are made orally and even if actual performance took more than one year so long as the contract could have been performed within one year. Second, complete performance by one party renders oral contracts enforceable under the statute of frauds, particularly where the only performance obligation remaining for the other party is the payment of money.

The viability of Brakulis's counterclaim turns on whether the Employment Agreement is barred by the statute of frauds. The statute of frauds provides that "[n]o action shall be brought...upon any agreement that is not to be performed within the space of one year from the making thereof, unless...in writing and signed by the party to be charged." 740 ILCS 80/1. To determine whether an oral contract falls under this provision, a court must decide not if the contract was *actually* performed within a year's time, but rather if the contract *could have been* performed within a year's time. *Stein v. Malden Mills, Inc.*, 292 N.E.2d 52, 57 (1972). A "contract is unenforceable only if it is impossible of performance in one year." *Balstad v. Solem Machine Co.*, 168 N.E.2d 732, 734 (7th Cir. 1960). This means that the court must consider if there are any conditions under which the contract could have been performed within one year. *Id.*

In the present case, the Employment Agreement is silent as to the duration of Brakulis' engagement as general manager of Valley Hyundai. Unless otherwise specified, Illinois law presumes employment contracts to be "'at will' and therefore terminable by either party for good reason, bad reason, or no reason at all." *Tolmie v. United Parcel Serv.*, 930 F.2d 579, 580 (7th Cir. 1991). Parties may prove otherwise as long as the terms are clear and definite. *See Duldulao v. St.*

-4-

*Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 490 (1987). The facts discussed by the parties in connection with this motion do not suggest "clear and definite" proof of a specified duration of employment in the agreement, and nothing in the counterclaim attests to the Agreement being anything but "at-will." The court therefore concludes that under Illinois law the Employment Agreement is an at-will contract that could be terminated at any time.

Still, Valley Hyundai argues that it was impossible for the Employment Agreement to have been performed within one year. First, it argues that the actual performance of the contract occurred over a two-year period. Second, it contends that since payment of the severance is contingent upon Brakulis having working for at least one day and since the severance package was structured to be payable over one year's time, performance required a minimum of a year and a day. However, since the Agreement was an at-will contract, Valley Hyundai could have terminated it at any time, *Tolmie*, 930 F.2d at 580 (at-will contracts do not fall under the one-year provision of the statute of frauds since either party could terminate the contract within a year's time), and Valley Hyundai could have structured the severance to be paid out within less than a year from termination, as in one lump sum. Since these conditions would have rendered the contract performance within a year, the statute of frauds does not apply.

Moreover, in the case of employment contracts, complete performance by the employee generally bars application of the statute of frauds. *Mapes v. The Kalva Corp.*, 386 N.E.2d 148, 152 (1979). The actual performance of the employment itself, not the duration of the employment, determines whether the agreement falls under the statute of frauds. *See, e.g., Reiss v. El Bauer Chevrolet Co.*, 238 N.E.2d 619 (1968), where the court ruled that the "Statute of Frauds is no defense to an executed contract of employment, particularly where all that remains to be done by the

other party is the payment of money." *Id* at 269. Under an at-will contract of unspecified duration, the termination of an employee is tantamount to full performance. *Décor Grates v. Fararo*, Case No. 92 C 6395, 1994 U.S. Dist. LEXIS 13915 at *8 (N.D Ill. Sept. 23, 1994). Under the reasoning in *Reiss*, Brakulis's claim for severance is not barred by the statute of frauds because he completely performed, and Valley must pay him the money promised in the Employment Agreement.

## CONCLUSION

For the foregoing reasons, Valley Hyundai's motion to dismiss Count II of counterplaintiff Brakulis' counterclaim is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: *June 25, 2004*

-6-